NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

AMY M. PADGETT, :
:
    Plaintiff, :    Civil Action No. 16-9441 (SRC)
:
v. :    **OPINION**
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant. :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Amy M. Padgett ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 2, 2012. A hearing was held before ALJ Donna A. Krappa (the "ALJ") on February 25, 2015, and the ALJ issued an unfavorable decision on May 22, 2015, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of May 22, 2015, the ALJ made the following findings. The ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found

that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform her past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Plaintiff contends that the decision should be reversed on four grounds: 1) at step three, the ALJ erred in reviewing Listing level equivalency; 2) at step four, the ALJ erred in considering Plaintiff's subjective complaints; 3) at step four, the ALJ erred in making the residual functional capacity determination; and 4) at step five, the ALJ erred in the construction of the hypotheticals presented to the vocational expert.

As to the argument about step three, Plaintiff contends that the "ALJ erred in failing to review all medical evidence of the Plaintiff's individual and combined impairments in reviewing listing level severity including Listings 1.02, 11.07 and 14.09." (Pl.'s Br. 14.) The brief then follows a pattern: Plaintiff quotes six particular Listings, and follows each quote with a list of medical findings. The brief presents no analysis or synthesis of this information. For example, Plaintiff's brief quotes Listing 11.04 (vascular insult to the brain), and then states:

> Ms. Padgett had a history of right knee and right heel surgeries to correct Cerebral Palsy difficulties (Tr. 734-735 ). She reportedly had instability in the right lower extremity and testified that she occasionally "tripped a lot" (Tr. 42). She was found to have decreased right knee reflexes and limitations in the right ankle (Plaintiff's brief pp5-6). Additionally, the evidence documents a herniated cervical disc with EMG/NC study evidence of cervical radiculopathy and limited sensation in the right upper and lower extremities (Tr. 376, 380, 683, 687, 745-746, 802, 946, 1072-1091, 1106).

2

(Pl.'s Br. 17.) The quote of Listing 11.04, together with this paragraph just quoted, form Plaintiff's entire presentation of her argument regarding the step three decision about Listing 11.04. The Court does not discern a complete, cognizable, and persuasive argument here. To the contrary, because Plaintiff has articulated no analysis of the evidence, the Court does not understand what argument Plaintiff has made here. Plaintiff has done no more than thrown down a few pieces of an unknown jigsaw puzzle and left it to the Court to put them together. The Court does not assemble arguments for a party from fragments.

As to step three, Plaintiff has not come close to persuading this Court either that the ALJ erred or that any error was harmful. The Supreme Court explained the harmless error doctrine in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410. Thus, to succeed on appeal, Plaintiff must show both that the ALJ erred, and that the error was harmful.

Plaintiff's brief here does neither. At step three, Plaintiff argues, in general, that the severity of her combined impairments equals in severity any of a number of Listings. The presentation of a quote from the Listings, followed by a simple list of medical findings, does not even begin to demonstrate that the ALJ erred, much less demonstrate that a harmful error occurred. Certainly, the brief contains no analysis that provides support for the contention that certain of Plaintiff's impairments, considered in combination, equal in severity a particular listing. Plaintiff has not persuaded this Court that the ALJ erred at step three.

Plaintiff next argues that, at step four, the ALJ improperly rejected Plaintiff's subjective complaints. Plaintiff quotes the ALJ's statement that she found the claimant's allegations of limitations unsupported by the record and, in the next sentence, contends that the ALJ did so "absent any justification." (Pl.'s Br. 22.) The ALJ's justification, however, is stated in the quoted sentence: the ALJ found that the claimant's allegations were unsupported by the record. (Tr. 19.) This is consistent with Third Circuit law, which states: "Although the ALJ is required to consider the claimant's subjective complaints, the ALJ may reject these complaints when they are inconsistent with the objective medical evidence, claimant's own testimony, or other evidence in the record." Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

Plaintiff argues that there is objective evidence to support most of Plaintiff's subjective complaints. This, however, does not relate to the applicable Third Circuit standard.[1] On appeal, this Court must determine whether the ALJ's decision is supported by substantial evidence. As to the ALJ's consideration of Plaintiff's subjective complaints, the question on review is whether the ALJ's determination – that Plaintiff's subjective complaints of limitations to her functioning are not supported by the record – are supported by substantial evidence. In the decision, the ALJ set forth the basis for her determination. The ALJ noted that Plaintiff did not follow through with the recommendation from one doctor for a laminectomy. (Tr. 19.) The ALJ also noted the that the medical treatment Plaintiff had had for her orthopedic problems was relatively brief.

---

[1] In the reply brief, Plaintiff argues that the weight of the evidence does not support a finding of capacity to perform light work. (Pl.'s Reply Br. 5.) That does not reflect the standard which this Court must apply in deciding a Social Security appeal. See Davern v. Comm'r of Soc. Sec., 660 F. App'x 169, 173-74 (3d Cir. 2016) ("A federal court's substantial-evidence review is quite limited. A court may not weigh the evidence or substitute its own findings for the Commissioner's. [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision de novo.")

(Tr. 19.) While the ALJ did not spell out the exact link between these observations and her ultimate determination, it is fairly clear that the ALJ decided that Plaintiff's claims about the severity and limiting effect of her orthopedic problems were not supported by her history of medical treatment for them. Plaintiff has not persuaded this Court that, as to this particular point, the ALJ's determination is not supported by substantial evidence.

The ALJ also observed that Plaintiff's claims of being unable to stand even to shower, and of being unable to leave her bed, were not supported by medical findings. (Tr. 19.) The ALJ pointed to the evidence that most evaluations of her sensation, strength, and reflexes showed no deficits. (Tr. 19.) The ALJ stated: "The results of the most recent examination with Dr. Stillerman was essentially negative for any deficits." (Tr. 19.) This statement appears to be supported by the record, which shows that treating neurosurgeon Dr. Stillerman evaluated Plaintiff on January 21, 2015 and submitted a report which – just as the ALJ stated – does appear to be negative for any deficits. (Tr. 1117-20.) The ALJ also noted that, as Dr. Stillerman's report says, the only pain reliever she was taking was occasional ibuprofen. (Tr. 19; Tr. 1119.)

This Court has reviewed the basis for the ALJ's determination that Plaintiff's subjective complaints of limitation are not supported by the record, and finds that the ALJ's determination is supported by substantial evidence. The ALJ did not err in her treatment of Plaintiff's subjective complaints.

Plaintiff next argues that the ALJ erred in finding that Plaintiff retained the residual functional capacity to perform light work. Plaintiff contends, vaguely, that the ALJ "erred in failing to properly weigh, discuss, and evaluate all of Plaintiff's severe and non-severe impairments or exertional and nonexertional limitations." (Pl.'s Br. 24.) Plaintiff then

summarizes the medical evidence supporting a finding of lesser functional capacity.

This Court reviews the ALJ's step four residual functional capacity determination to assess whether it is supported by substantial evidence. The ALJ's decision provides almost five single-spaced pages of explanation of this determination. The ALJ considered many pieces of medical evidence, and Plaintiff's brief does not identify any specific piece of evidence that the ALJ overlooked. Plaintiff contends that "the ALJ erred in not according weight to the opinions of [Plaintiff's] treating medical sources," but does not link this argument with any particular piece of medical evidence.[2] (Pl.'s Br. 26.) The ALJ explained that he gave little weight to the opinion of treating physician Dr. Weiss because Dr. Weiss directed his statements to the question of whether Plaintiff can return to her past work. The ALJ agreed that Plaintiff is unable to perform her past relevant work, and Plaintiff does not explain what role Dr. Weiss's statements ought to have played in the determination of her residual functional capacity. Nor does Plaintiff acknowledge the ALJ's explanation for her weighting of Dr. Weiss's opinion, or provide any discussion to demonstrate that this was erroneous.

In making the residual functional capacity determination, the ALJ appears to have placed great weight on the opinion of the state agency reviewers who found Plaintiff to be capable of

---

[2] Later in the brief, Plaintiff presents a list of medical evidence and, in that list, cites specific statements by physicians Weiss and Ma. (Pl.'s Br. 27.) Does Plaintiff expect the Court to hunt through her lists of medical evidence to complete her arguments? Furthermore, the Court notes that, in that list, Plaintiff points to Dr. Ma's "opinion" that Plaintiff's vertigo was "incapacitating," citing page 339 in the record. (Pl.'s Br. 27.) On page 339 of the record, Dr. Ma does not express a medical determination that Plaintiff is incapacitated by vertigo; instead, he reports Plaintiff's subjective complaints, which include an assertion that the vertigo is incapacitating. (Tr. 339.) Dr. Ma's report shows that he did evaluate Plaintiff for vertigo, and diagnosed vertigo, but Dr. Ma made no statements in this report about any impairments or limitations to Plaintiff's functioning or ability to work. (Tr. 339-44.)

light work. (Tr. 20.) As already discussed, the ALJ also appears to have weighted heavily the results of her review of the medical record and Plaintiff's complaints, and her finding that the medical evidence did not support finding greater limitations to Plaintiff's residual functional capacity. The Court finds that the ALJ's residual functional capacity determination is supported by substantial evidence.

Lastly, Plaintiff argues that, at step five, the ALJ gave the vocational expert a hypothetical that did not include all of Plaintiff's limitations. Third Circuit law on this point is clear:

> We do not require an ALJ to submit to the vocational expert every impairment alleged by a claimant. Instead the directive in *Podedworny* is that the hypotheticals posed must "accurately portray" the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments "as contained in the record." . . . Fairly understood, such references to all impairments encompass only those that are medically established. . . And that in turn means that the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations.

Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). "Credibly established limitations" refers to limitations established in the step four residual functional capacity determination. Plaintiff argues that the hypothetical was wrong and did not include some impairments, and was wrong about others. In opposition, the Commissioner points out that such limitations were not accepted as credibly established during the residual functional capacity determination. At step five, the hypothetical must reflect the residual functional capacity determined at step four. Plaintiff has not pointed to any way in which the hypothetical was inconsistent with the residual functional capacity determination. The ALJ did not err at step five.

This Court has reviewed the ALJ's decision and finds that the ALJ's decision is supported by substantial evidence. Plaintiff has failed to persuade this Court that the ALJ erred

in her decision or that she was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                     s/ Stanley R. Chesler
                                                    STANLEY R. CHESLER, U.S.D.J.

Dated: March 20, 2018